# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6819 | **DATE** | 1/16/2001 |
| **CASE TITLE** | Joseph F. Monahan, etc. vs. NCO Financial Systems, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Monahan's motion for class certification is denied for the present. (9-1) This action is set for a status hearing on January 26, 2001 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 17 2001 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 1/16/2001 | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH F. MONAHAN, etc.,          )
                                  )
                Plaintiff,        )
                                  )
        v.                        )       No.  00 C 6819
                                  )
NCO FINANCIAL SYSTEMS, INC.,      )
                                  )
                Defendant.        )

DOCKETED

JAN 1 7 2001

MEMORANDUM OPINION AND ORDER

Joseph Monahan ("Monahan") has filed a Motion and Memorandum in Support of Class Certification, seeking a determination under Fed. R. Civ. P. ("Rule") 23 that this action brought by him under the Fair Debt Collection Practices Act ("Act") should be maintained as a class action.  In turn NCO Financial Systems, Inc. ("NCO") has filed its objections to that motion, rendering it ripe for resolution.  For the reasons briefly stated in this memorandum opinion and order, Monahan's motion is denied.

Rule 23(c)(1) directs that a class certification determination[1] should be made "[a]s soon as practicable after the commencement of an action brought as a class action."  But in this instance it is painfully apparent that it is not now

---

[1]  In accordance with universal practice, this opinion employs "certification" as the shorthand term for Rule 23's more precise language that speaks of whether an "action may be maintained as a class action" (Rule 23(b) and 23(c)(1)).  In the same way, the customary shorthand terminology of "numerosity," "commonality," "typicality" and "adequacy of representation" will be used here to denote the four criteria that are specified in Rule 23(a) as preconditions for certification.

"practicable" to give an affirmative answer to that question:
When one cuts through the welter of cases that have been cited by
Monahan's counsel to focus instead on the real issues, what
emerges is the undeniable conclusion that counsel has offered up
nothing more than speculation and mere ipse dixits in place of
the factual background that is necessary to determine whether
three of the four Rule 23(a) factors--numerosity, commonality and
typicality--have or have not been satisfied.  In light of the
nature of the communications that have been charged by Monahan as
violative of the Act, this Court cannot accept his counsel's
conclusory assertions (or take some sort of proposed judicial
notice) as a substitute for the essential factual showing.

Accordingly, for the reasons that have been persuasively set
out in NCO's Objections to Plaintiff's Motion for Class
Certification, Monahan's motion for class certification is denied
for the present.  It should of course be understood that this
ruling is not at all equivalent to a holding that class
certification is not a possibility at some future time, based on
an appropriate showing.  What is clear instead is that no
adequate showing on that score has now been made.

As discussed at the recent status hearing in this matter, it
is appropriate to hold another status hearing shortly (after
counsel for the litigants have had the opportunity to consider
the effect of this ruling on the future conduct of the

litigation). That new status hearing is set for 9 a.m. January 26, 2001.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 16, 2001